IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRYSTAL COMPTON, #28755-177 | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-4133-O-BK |
| | § | (3:12-CR-0175-O-35) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the motion be denied.

**I. BACKGROUND**

Pursuant to a plea agreement with an appellate-rights waiver, Petitioner pled guilty to conspiracy to distribute a controlled substance and was sentenced to the mandatory minimum sentence of 120 months' imprisonment. Her direct appeal was subsequently dismissed as frivolous under *Anders v. California*, 386 U.S. 738 (1967). *Compton v. United States*, No. 3:12-CR-0175-O-35 (N.D. Tex. 2013), *appeal dismissed,* 583 F. App'x 434 (5th Cir. 2014) (per curiam). In this timely section 2255 motion, Petitioner claims ineffective assistance of counsel during the plea proceedings and at sentencing. Doc. 1. The government argues the section 2255 motion lacks merit, Doc. 7, and Petitioner has filed a reply, Doc. 8.

**II. ANALYSIS**

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th

Cir. 1991) (*en banc*)).  Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Ineffective Assistance of Counsel During Guilty Plea Proceedings

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.  To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687.  The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688.  "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*  To prove prejudice, in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Stated differently, the petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

*Failure to Investigate (Claims 1 & 2)*

Petitioner asserts defense counsel failed to adequately investigate and to "listen to [her] version of [the] case." Doc. 1 at 4, 6.  She maintains counsel neither requested nor reviewed the police report, which she claims would have undermined the factual basis of her plea that 10.3 grams of cocaine were found on the kitchen table in her residence.  Doc. 1 at 4.  She avers that

the 10.3 grams of cocaine were actually confiscated from Codefendant Antworion Gates' pocket, outside her residence shortly after he arrived, and then placed on her kitchen table to be photographed. Doc. 1 at 4-5. Petitioner also complains that counsel failed to confirm that the trace amount of the substance found on a CD in her home was, in fact, cocaine base, which confirmed her cocaine use as she had previously informed counsel. Doc. 1 at 6.

Petitioner has presented only bare allegations of counsel's failure to investigate. That is insufficient to sustain a claim of ineffective assistance of counsel. *See United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 691 (2014) (cited cases omitted) ("To establish [a] failure to investigate claim, [a defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him.") (quoted case omitted, emphasis in original). As summarized in the Addendum to the Presentence Report (PSR), the police reports (which included statements from five officers) reflected that a bag containing a white powder was found on Petitioner's kitchen table in the initial search of her house. Crim. Doc. 1268 at 1-2. Along with the white powder (later confirmed to be 9.41 grams of powder cocaine, *see* PSR Crim. Doc. 1138-1 at 6 ¶¶ 15, 17), the officers also located caffeine powder and razor blades, which are generally associated with cocaine distribution, Crim. Doc. 1170-1 at 2. Moreover, as noted in the PSR, Petitioner "was interviewed and admitted she purchased the [9.41 grams of] crack cocaine from Gates." Crim. Doc. 1138-1 at 6, ¶ 17. Thus, Petitioner cannot meet her burden of showing with specificity what an investigation would have revealed, much less how it would have altered the outcome of her plea. *Curtis*, 769 F.3d at 276.

Petitioner's contentions are also belied by the record. In her sworn factual résumé, Petitioner confirmed that "[o]fficers entered and recovered 10.3 grams of cocaine, 0.1 grams of crack cocaine, and a razor blade on the kitchen table of [her] home." Crim. Doc. 1015 at 3. In

addition, at re-arraignment, Petitioner admitted committing all the essential elements of the conspiracy offense. Crim. Doc. 1273 at 32. She also affirmed that she was guilty of conspiracy to distribute a controlled substance, Crim. Doc. 1273 at 50, and that the facts contained in the factual résumé (which she had previously read in its entirely) were true and correct. Crim. Doc. 1273 at 53-55. A defendant ordinarily may not refute her sworn testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Moreover, apart from her unsubstantiated claim that the 10.3 grams of cocaine were confiscated from Codefendant Gates outside her residence, Petitioner has not "produced independent indicia of the likely merit of [her] allegations." *Cervantes*, 132 F.3d at 1110 (declining to hold evidentiary hearing because rearraignment testimony and plain terms of the plea agreement refuted allegations that attorney had promised the defendant a lower sentence based on an agreement with the government). Furthermore, the sentencing judge rejected the same claim in overruling counsel's objections to the PSR at sentencing. Crim. Doc. 1162 at 1; Crim. Doc. 1271 at 3-4. Also, while the government concedes that the trace substance found on the CD was not laboratory tested (despite a positive field test for cocaine), that fact is inconsequential since the substance was not included in the Guidelines drug quantity calculation. Doc. 1 at 6; Doc. 7 at 11 n. 4; Crim. Doc. 1138-1 at 6 ¶¶ 15, 17. *See United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (per curiam) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.")

Based on the above, the Court concludes that Petitioner cannot meet her burden under *Strickland/Hill* to establish that counsel did not perform deficiently.

*Coerced Guilty Plea (Claim 3)*

Next, Petitioner asserts defense counsel rendered ineffective assistance because he coerced her to enter a guilty plea. Doc. 1 at 8. She asserts counsel visited her four times to induce her to sign the plea agreement, which she claims she repeatedly refused to do. Doc. 1 at 8. Petitioner avers that she advised counsel "that she did not know the individuals in the superseding indictment and did not feel comfortable signing the plea and furthermore felt with the actual evidence this case would have had a more favorable result had it gone to trial." Doc. 1 at 8. Petitioner maintains that counsel "became aggravated by her refusal to sign[]"and allegedly advised that, if she did not accept the plea offer, she would likely be charged with additional counts that would increase her sentencing exposure to imprisonment of 40 years to life. Doc. 1 at 8-9. Petitioner also claims counsel told her that she "had no other choice" but to sign the plea. Doc. 1 at 9.

Petitioner assertions are controverted by the record. During rearraignment, Petitioner confirmed that no one had coerced or threatened her in any way to enter the guilty plea, that no one had made any promises to cause her to enter into the plea agreement, and that she was pleading guilty freely and voluntarily. Crim. Doc. 1273 at 40-42, 46. She also averred that she was fully satisfied with her counsel's representation, and that she understood her constitutional rights and the consequences of her guilty plea. Crim. Doc. 1273 at 11, 13, and 35.

As previously noted, a defendant ordinarily may not refute her sworn testimony given at a plea hearing while under oath. *Cervantes*, 132 F.3d at 1110. Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any

5

subsequent collateral proceedings.  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records.  *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

Moreover, counsel's advice regarding the sentence that she would face if she did not accept the guilty plea did not amount to a threat.  *See United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) (defense attorney's prediction of a harsh sentence at trial did not alone render a guilty plea involuntary and plea colloquy should control).  "A defense attorney should make informed predictions about the consequences of either pleading guilty or going to trial."  *Id.*  It is well established that a guilty plea is not rendered invalid merely because it is motivated by fear of greater punishment.  *United States v. Araiza*, 693 F.2d 382, 384-385 (5th Cir. 1982) (citing *Bordenkircher v. Hayes,* 434 U.S. 357 (1978); *Flores v. Estelle,* 578 F.2d 80, 85 (5th Cir.1978)).

Based on the above, the Court concludes that Petitioner cannot establish deficient performance on the part of defense counsel. [1]

*Prejudice Prong*

Even assuming deficient performance with respect to Claims 1 through 3, Petitioner cannot meet the heavy burden of showing prejudice – namely that, but for counsel's deficient

---

[1] Petitioner mentions almost in passing in connection with the claim that counsel coerced her to plead guilty that counsel indicated that "the court was racially biased." Doc. 1 at 9.  However, because Petitioner's assertion is conclusory and wholly unsupported, the Court need not address it. *See  United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value."); *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) ("the court need not blindly accept speculative and inconrete claims") (quoted case omitted).

performance, she would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner merely states that "[t]he matters that [counsel] failed to investigate would have established the petitioner's actual innocence and would have casted doubt upon the reliability of the proceeding." Doc. 1 at 5. However, as previously noted, the Addendum to the PSR and the factual résumé disprove her assertions. Petitioner also had abundant time after the entry of her guilty plea and through sentencing, some five months later, to advise the Court that her guilty plea was coerced and/or that she was dissatisfied with defense counsel's conduct. Yet, at sentencing, Petitioner voiced no objection or concern about her plea or her counsel's allegedly deficient performance. Crim. Doc. 1271 at 7-8. Accordingly, Petitioner's claims of ineffective assistance of counsel during the guilty plea proceedings fail.

### B.  Ineffective Assistance of Counsel at Sentencing (Claim 4)

Petitioner asserts counsel rendered ineffective assistance in failing to present mitigating factors at sentencing – namely that her husband was battling cancer and that no one was available to care for him while she was incarcerated. Doc. 1 at 12. However, counsel, mentioned several mitigating circumstances at sentencing including that Petitioner was the primary caretaker of her husband who was suffering from colon cancer. Crim. Doc. 1271 at 6-7. Counsel's representation at sentencing was not ineffective merely because he was unsuccessful in his effort to obtain a sentence below the statutory minimum sentence of 120 months' imprisonment. Indeed, even the sentencing judge recognized (in response to a question from Petitioner) that he could not "sentence [her] to any time less than 120 months . . . according to the law." Crim. Doc. 1271 at 9; *see Glover v. United States,* 531 U.S. 198, 200, 203-04 (2001) (to establish prejudice in the context of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that the sentence was increased by the deficient performance of

defense counsel). Because Petitioner cannot meet the deficient performance and prejudice prongs, her claim of ineffective assistance of counsel at sentencing should be denied.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be **DENIED**.

SIGNED this November 24, 2015.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE