**IN THE UNITED STATES DISTRICT COUR**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| **CRYSTAL COMPTON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:14-CV-4133-O-BK** |
| | § | **(3:12-CR-0175-O-35)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case (ECF No. 9), filed November 24, 2015.  On December 10, 2015, Petitioner filed objections (ECF No. 10).  The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which objections were made.    The Court finds that the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge are correct.  Accordingly, Petitioner's objections are **OVERRULED**, and the Court **ACCEPTS** the Magistrate Judge's recommendation.

**I.    BACKGROUND**

Petitioner and 40 other co-defendants were charged in a one count indictment with conspiracy to distribute a controlled substance.  *See* Factual Resume 2, ECF No. 1015, *United States v. Compton*, No. 3:12-CR-175-O-35 (N.D. Tex. 2013) (Cureton, M.J.), *appeal dismissed*, 583 F. App'x 434 (5th Cir. 2014) (per curiam).  Pursuant to the plea agreement, Petitioner admitted to her role in a conspiracy to distribute a controlled substance, waived her appellate rights, and

was sentenced to the mandatory minimum sentence of 120 months' imprisonment.  FCR 1, ECF

No. 9.  Petitioner's subsequent direct appeal was dismissed as frivolous.  *Compton*, 583 F. App'x

434.  Petitioner filed this timely section 2255 motion, claiming ineffective assistance of counsel

during plea proceedings and at sentencing.  FCR 1, ECF No. 9.

Petitioner claims she did not participate in the narcotics conspiracy and her counsel failed

to adequately investigate her case.  *Id*. at 2.  Petitioner contends her counsel neither requested nor

reviewed the police report and had he done so, he would have realized the charge against her for

the 9.41 grams of powder cocaine found in her residence, had no basis in fact.[1]  *Id*.  According to

Petitioner, the cocaine was actually confiscated from her codefendant, Antworion Gates, outside

her residence and placed on the kitchen table to be photographed.  *Id.*

In her objection to the Magistrate Judge's findings, Petitioner denied she purchased crack

cocaine from Gates and her involvement in the narcotics conspiracy.  Def.'s Obj. 1-2, ECF 10.

Petitioner also asserts that her counsel forced her to enter a guilty plea.  *Id*. at 3-4.  According to

Petitioner, she refused to sign the plea agreement four times and wanted to take her case to trial,

but decided to accept the plea agreement after her attorney warned she risked life imprisonment.

*Id*.

II.    **LEGAL STANDARD**

"[D]istrict judges have almost unlimited authority to 'accept, reject, or modify, in whole

or in part, the finding or recommendations made by' a magistrate."  *Brown v. Kelly*, 393 F. App'x

208, 211 (5th Cir. 2010) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).  When a party

timely objects to a magistrate judge's findings, conclusion, and recommendation, the district

court "shall make a de novo determination of those portions of the report or specified proposed

---

[1] Petitioner's factual resume states 10.3 grams of cocaine were found but further laboratory testing revealed it was actually 9.41 grams.  Resp. Mot. Vacate 2 n. 2, ECF 7.

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B).  The

district court "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge [and] may also receive further evidence or recommit the matter to

the magistrate judge with instructions." *Id.*

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-

bargaining process." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (citing *Missouri v. Frye*,

132 S. Ct. 1399, 1407-08 (2012)).  During plea negotiations defendants are "entitled to the

effective assistance of competent counsel." *McMann v. Richardson,* 397 U.S. 759, 771, (1970).

In *Hill,* the Court held "the two-part *Strickland v. Washington* test applies to challenges to guilty

pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

"An error by counsel, even if professionally unreasonable, does not warrant setting aside

the judgment of a criminal proceeding if the error had no effect on the judgment."  *Id.* at 691

(citing *United States v. Morrison*, 449 U.S. 361, 364-65 (1981)).  "[A]ny deficiencies in counsel's

performance must be prejudicial to the defense in order to constitute ineffective assistance under

the Constitution." *Id.* at 692.  To prove prejudice, petitioner "must show a reasonable probability

that the result of the proceedings would have been different but for counsel's unprofessional

errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999).  "'A reasonable probability is a

probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466

U.S. at 694).  "However, the mere possibility of a different outcome is not sufficient to prevail .

. . [r]ather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally

unfair or unreliable.'" *Id.* at 612-13 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.

1997)).  An ineffective assistance of counsel claim is evaluated under the standard announced in

*Strickland v. Washington*." *Crane*, 178 F.3d at 312.  "A convicted defendant's claim that

counsel's assistance was so defective as to require reversal . . . has two components." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* In order to show deficiency, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* "Both prongs must be shown by a preponderance of the evidence." *Crane*, 178 F.3d at 312.

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland,* 466 U.S. at 689. In evaluating counsel's performance, the court "must make every effort to 'eliminate the distorting effects of hindsight.'" *Crane*, 178 F.3d at 312 (quoting *Strickland*, 466 U.S. at 689). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

## III.    ANALYSIS

Petitioner objects to the findings of the Magistrate Judge on three grounds: (1) her counsel was deficient for failing to properly investigate her arrest; (2) she did not purchase any crack cocaine or involve herself in any conspiracy to distribute it; and (3) her attorney coerced her to plead guilty. Def.'s Obj. 1-4, ECF 10. The Court addresses each objection in turn.

**A.** **The Record Supports the Magistrate Judge's Finding of Effective Assistance of Counsel During the Guilty Plea.**

1.    Failure to Investigate Claims

Central to Petitioner's Motion are her claims that the 9.41 grams of cocaine was confiscated from co-defendant Gates' pocket and that she had no involvement in the narcotics conspiracy, other than her occasional cocaine use. *Id.* at 1. Petitioner avers that had her counsel adequately investigated this alleged conspiracy, he would have not pressured her to agree to a plea bargain. *Id.*

Petitioner presented conclusory allegations of counsel's failure to investigate her arrest, which is insufficient to prove her claim of ineffective assistance of counsel. *United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014), *cert denied*, 135 S. Ct. 691 (2014) (cited cases omitted) ("To establish [a] failure to investigate claims, [the defendant] must allege with specificity what the investigation would have revealed and how it would have benefited him.").

Petitioner is correct that counsel has a duty to investigate her case under *Strickland*. 466 U.S. 680. However, the record indicates counsel fulfilled his duty. The Addendum to the Presentence Report ("PSR") details five investigating officers' statements that they found a bag containing white powder on Petitioner's kitchen table in the initial search of her house. FCR 3, ECF No. 9 (citing Crim. Doc. 1268 at 1-2). Petitioner's codefendant, Gates, admitted in his plea agreement that he engaged in a narcotics distribution conspiracy with Petitioner and he personally saw Petitioner sell narcotics from her residence approximately twenty times. Gates Factual Resume 4, ECF No. 1000. Likewise, Petitioner "admitted she purchased the [9.41 grams] of crack cocaine from Gates." FCR 3, ECF No. 9 (citing Crim. Doc. 1138-1 at 6).

Thus, Petitioner fails to specify what further counsel review would have uncovered and how it would have changed the outcome in her plea. *See Strickland*, 466 U.S. at 690-91; *Curtis*,

769 F.3d at 276.  Petitioner has not "produced independent indicia of the likely merit of [her]

allegations."  *U.S. v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  Nothing from the police

report, as summarized in the PSR, helps Petitioner's motion.  FCR 3, ECF No. 9.  Thus, Petitioner

has failed to carry her burden because it is wholly unclear what a more thorough investigation

would have revealed.  *Curtis*, 769 F.3d at 276.  Having failed to demonstrate ineffective assistance

of counsel, the Court need not consider the prejudice prong of the inquiry.  *Crane*, 178 F.3d at

312.

Petitioner also challenges the evidence.  She contests the relevance of the caffeine powder

and razor blades found in her home.  Def.'s Obj. 2, ECF No. 10.  While Petitioner correctly asserts

that the possession of such drug paraphernalia does not definitively prove her role in the narcotics

conspiracy, it is strong circumstantial evidence of her involvement.  *United States v. Winters*, 530

F. App'x 390, 397 (5th Cir. 2013).  Petitioner complained the Magistrate Judge erred in quoting

her PSR, where Petitioner admitted to purchasing crack cocaine from codefendant Gates.  Def.'s

Obj. 3, ECF No. 10.  Petitioner now denies purchasing crack cocaine from Gates, she contends

that the substance was powder cocaine allegedly planted at her residence.  *Id.*  The Court finds

this mischaracterization of the type of cocaine found in Petitioner's home is harmless because the

reference did not otherwise affect Petitioner's sentencing or her substantive rights.  *United States

v. Kennedy*, 303 F. App'x 237, 239 (5th Cir. 2008) (finding the district court did not clearly err by

converting specific grams of powder cocaine to a crack cocaine equivalent amount for sentencing

in a conspiracy to possess with intent to distribute case).

Furthermore, in the preceding sentence, the Magistrate Judge referred to the correct

amount of powder cocaine recovered from Petitioner's home.  FCR 3, ECF No. 9.  Throughout

the FCR, the Magistrate Judge refers to the substance as cocaine, rather than crack cocaine.  *Id.* at

3-4.  This error did not affect Petitioner's substantive rights because she pleaded guilty to conspiracy to distribute cocaine and the Magistrate Judge correctly calculated her mandatory minimum punishment.  *See* Factual Resume 2, ECF No. 1015, *Compton*, No. 3:12-CR-0175-O-35.  Thus, it is immaterial whether the substance was in its powder form at the time of her arrest. *Kennedy*, 303 F. App'x at 239.

In fact, Petitioner admitted she committed all the essential elements of the conspiracy.  FCR 4, ECF No. 9 (citing Crim. Doc. 1273 at 32).  She affirmed that the factual résumé was true and correct.  FCR 4, ECF No. 9 (citing Crim. Doc. 1273 at 53-55).  "Declarations under oath before an open court carry a strong presumption of truth and form a barrier to relief in any subsequent collateral proceedings.  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Cervantes*, 132 F.3d at 1110; *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009); *United States v. Groome*, 494 F. App'x 486, 487 (5th Cir. 2012).  Accordingly, Petitioner has not proven counsel failed to adequately investigate her claims.  The Court finds the same is true for Petitioner's claim that counsel coerced her to enter a guilty plea, which will be addressed next.

b.  Coerced Guilty Plea

Petitioner claims her counsel forced her to plead guilty by informing her that she risked life in prison if found guilty at trial.  Def.'s Obj. 3-4, ECF 10.  As Petitioner stated in her objection, "Who wants to take the chance to go to trial after your counsel has informed you that you would get life?"  *Id.* at 4.

"[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel."  *United States v. Rivas-Lopez*, 678 F.3d 353, 356 (5th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)).  Thus, when navigating this critical phase, a defendant should be aware of the "relevant circumstances and the

likely consequences of his decision so that he can make an intelligent choice." *Rivas-Lopez*, 678

F. 3d 356.

Counsel was obligated to inform Petitioner of her sentencing exposure.  In fact, counsel's

failure to properly inform Petitioner about potential sentencing exposure could have constituted

ineffective assistance of counsel.  *Id*.  In *Rivas-Lopez*, accounts differed as to whether the counsel

incorrectly estimated his client's sentencing range; however, in the present case, Petitioner does

not assert her counsel erroneously estimated her sentencing exposure.  *Id*. at 358.  In fact, it appears

her counsel accurately appraised her sentencing range.[2]

The record belies Petitioner's assertion that she was coerced into a guilty plea.  At re-

arraignment, Petitioner confirmed she had not been coerced into accepting the guilty plea, she

understood her constitutional rights and the consequences of her plea, and she entered the plea

freely and voluntarily.  FCR 5, ECF No. 9.  Furthermore, Petitioner stated she was fully satisfied

with her counsel's representation.  *Id*.  Such "[s]olemn declarations in open court carry a strong

presumption of verity" and any subsequent recantation will inevitably meet strong skepticism.

*Cervantes*, 132 F.3d at 1110 (quoting *Blackledge*, 431 U.S. at 73-74).  Though Petitioner states

her fear of a life sentence induced her to plead guilty, fear of greater punishment does not render

a guilty plea invalid.  *United States v. Araiza*, 693 F. 2d 382, 384-385 (5th Cir. 1982).  Thus, the

record does not support that Petitioner's counsel forced her to accept the guilty plea.  *Crane*, 178

F.3d at 312.  Petitioner's Motion to Vacate is therefore **DENIED** as to these issues.

---

[2] Indeed, Petitioner's codefendants who chose not to pled guilty were subsequently charged with three *additional* counts by superseding indictment—(1) possession of a firearm in furtherance of a drug trafficking crime (Count Two); (2) conspiracy to maintain a drug-involved premises (Count Three); and (3) possession of a firearm in furtherance of drug trafficking crime related to the drug-involved premises charge (Count Four).  Gov. Obj. 13, ECF 7.  If Petitioner had not taken the original plea agreement, she likely faced up to 65 additional years imprisonment based on the superseding indictment.  *Id*.  Petitioner pleaded guilty to Count One for conspiracy to distribute a controlled substance. This carried a sentencing exposure of ten years to life.  *Id*.

**B.**   **The Record Supports the Magistrate Judge's Finding of Effective Assistance of Counsel at Sentencing.**

Petitioner asserted her counsel rendered ineffective assistance by failing to present mitigating factors at the sentencing hearing, specifically that her husband suffered from colon cancer and he would be without personal care while she was incarcerated.  Mot. Vacate 12, ECF No. 1.  However, the Magistrate Judge found, and the record indicates, Petitioner's counsel mentioned numerous mitigating circumstances at sentencing, including the fact that Petitioner was the primary caretaker for her husband as he suffered from colon cancer.  Crim. Doc. 1271 at 6-7.  Furthermore, Petitioner cannot succeed in her ineffective assistance of counsel claim by merely showing counsel was not successful in obtaining a sentence below the mandatory minimum of 120 months' imprisonment.  *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001) (holding to establish prejudice of ineffective assistance of counsel at sentencing, petitioners must show the deficient performance of defense counsel increased the sentence).  Since Petitioner cannot prove the deficient performance in *Strickland*, her claim of ineffective assistance of counsel at sentencing is hereby **DENIED.**  The Court need not address *Strickland*'s prejudice prong since Petitioner was unable to prove counsel performed deficiently.

**IV.   CONCLUSION**

Based on the foregoing, the Court **ACCEPTS** the Magistrate Judge's findings.  Therefore, it is **ORDERED**  that Petitioner's section 2255 Motion to Vacate is hereby **DENIED**.

**SO ORDERED**  on this **2nd day** of **March, 2016**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE